FILED

2013 Dec-20  AM 09:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| MARK ANTHONY PARTAIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 5:10-cv-2520-JHE |
| | ) | |
| WARDEN BILLY MITCHEM, and | ) | |
| THE ATTORNEY GENERAL FOR | ) | |
| THE STATE OF ALABAMA, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On September 16, 2010, Petitioner Mark Anthony Partain ("Partain"), being a person in custody under a judgment of a court of Alabama, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.   Doc. 1.

## PROCEDURAL HISTORY

On October 22, 2004, a jury in the Circuit Court of Madison County convicted Partain of capital murder.   On November 22, 2004, Partain was sentenced to life in prison without the possibility of parole

### A.   Direct Appeal

Partain timely appealed his conviction to the Alabama Court of Criminal Appeals.   On appeal, Partain argued: (1) there was insufficient evidence to support a capital murder conviction; (2) the state failed to prove all of the elements of burglary in the first degree; (3) he was denied an impartial jury; (4) the court failed to strike the use of the aliases in the indictment; and (5) the prosecutor made improper arguments during his closing argument.   Doc. 4-1 (Partain's Brief on

Direct Appeal).   The Alabama Court of Criminal Appeals affirmed Partain's conviction in an unpublished memorandum released on August 26, 2005.   Doc. 4-3 (Court of Criminal Appeals' Opinion); *see also Partain v. State*, 933 So. 2d 415 (Ala. Crim. App. 2005)(table).   Partain applied to the Alabama Court of Criminal Appeals for rehearing, and on October 14, 2005, the Alabama Court of Criminal Appeals denied his application.   Partain petitioned the Alabama Supreme Court for a writ of certiorari.   On December 9, 2005, the Alabama Supreme Court denied Partain's petition and issued a certificate of judgment.   Docs. 4-4, 4-5.

### B.   Rule 32 Post-Conviction Proceedings

On September 26, 2006, Partain filed a Rule 32 petition in the Circuit Court of Madison County.   Partain alleged he received ineffective assistance of counsel and specifically alleged his trial counsel (1) refused to allow him to testify; (2) failed to timely investigate or interview a nurse who had treated Partain when he was taken into custody, who could have testified about his injuries and mental state; (3) failed to seek or obtain expert testimony to show the damage to the window was caused years before the alleged break-in that gave rise to the burglary element of the capital murder charge; (4) Failed to seek or obtain expert testimony on battered spouse syndrome; and (5) failed to properly investigate the case by failing to obtain mental health records, testimony from a neighbor about the damage to the window, testimony from Partain's mother about his injuries, and information from Partain's friend about the alleged abusive behavior Partain received from the victim.   Doc. 4-6 at 9-56.   The trial court summarily denied the petition on January 22, 2007, finding as follows:

1.   The Petition is barred by Rule 32.2(a)(5).

2. The Petitioner fails to meet his burden of pleading and proof as required by Rule 32.3.

2

3. The Petition is barred by Rule 32.6(b).

4. This Court presided over a majority of the pretrial proceedings and over the trial of this case before a jury and had the opportunity to observe counsel's performance throughout the proceedings.   It is the opinion of this Court that trial counsel was at all times prepared, effective, thorough, and was functioning well above the minimum standards for effective counsel set out in Strickland and required by the Constitutions of the United States and the State of Alabama.

5. The petition is without merit.

6. The petition presents no issue of law or fact that would entitle Petitioner to relief.

7.   No purpose would be served by any further proceedings in this matter.

Doc. 4-6 at 65.

On appeal, the Alabama Court of Criminal Appeals found the trial court erred in finding Partain's allegations of ineffective assistance of counsel were barred by Rule 32.2(a)(5), because Partain could not have raised his ineffective assistance of counsel claims any earlier.   Doc. 4-9 at 3; *see Partain v. State*, 47 So. 3d 282, 284-285 (Ala. Crim. App. 2008).   The appellate court further found, to the extent the trial court denied Partain's petition because he failed to prove his allegations of ineffective assistance of counsel, that denial was improper because Partain had no burden of proof at the pleading stage.   *Id.* at 4; *see Partain*, 47 So. 3d at 285.

The Alabama Court of Criminal Appeals remanded the case for the trial court to either '"conduct an evidentiary hearing or to accept evidence in the form of affidavits, written interrogatories, or depositions . . . regarding Partain's claim that his trial counsel was ineffective for refusing to permit him to testify at trial and to then issue specific written findings of fact regarding that allegation.'"   *Id.* at 287.

On remand, Partain's trial attorneys, J. Thomas Conwell, Jr. and Joseph T. Conwell, III filed an affidavit in which they stated:

> [Partain] was counseled by trial counsel prior to trial, during trial and after the State of Alabama rested as to his right to testify in this case.   This decision was discussed with his mother and family members who were present in the court with him during the entire trial.   [Partain] and the undersigned counsel met on the night prior to the defense putting on evidence and prepared for the testimony of the defendant.   The undersigned counsel was under the impression that the defendant was testifying until the defendant informed his counsel the morning of his taking the stand that he was not going to testify on his own behalf.   [Partain] made an independent decision that he did not wish to testify.   No one refused to allow [Partain] to testify.

Doc. 4-10 at 17.   On November 14, 2008, the trial court entered an order finding the claim that counsel were ineffective for refusing to allow Partain to testify at trial to be without merit.   *Id.* at 19.   Partain again appealed the denial of his Rule 32 petition.   The Alabama Court of Criminal Appeals found the circuit court failed to afford Partain the opportunity to submit evidence and again remanded.   Doc. 4-11 at 1.

On December 4, 2009, the trial judge ordered both parties to '"submit evidence [on or before February 15, 2010] by affidavits, written interrogatories, and/or depositions regarding [Partain's] claim that his trial counsel was ineffective for preventing him from testifying on his own behalf.'"   Doc. 4-12 .   On December 15, 2009, the state responded to the order, re-submitting the affidavit of Partain's trial attorneys.   Doc. 4-13 at 10.   Partain never responded to the trial court's order.   On April 28, 2010, the trial court again found the claim to be without merit and dismissed the petition.   Doc. 4-14 at 4.   On May 21, 2010, the Alabama Court of Criminal Appeals found that the trial court's findings supported by the record, and affirmed the denial of Partain's Rule 32 petition.   Doc. 4-15.

Partain claims he sent a letter to the trial court on May 25, 2010, trying '"to explain the medical conditions and restrictions he was under . . ., in seeking their leave for a reconsideration of their Rule 32 petition dismissal.'"   Doc. 1 at 9.   Partain also sent a letter and affidavit to the Alabama Court of Criminal Appeals, resulting in a response from the Alabama Court of Criminal Appeals dated June 3, 2010, informing the petitioner informing the petitioner the documents were being returned because they did not contain proof of service on the opposing party.   Doc. 4-16.[1]

Partain did not file an application for rehearing with the Alabama Court of Criminal Appeals and the appellate court issued a certificate of judgment on June 9, 2010.   Doc. 4-17. On June 28, 2010, Partain filed a certificate of service and affidavit with the Alabama Court of Criminal Appeals.   Doc. 4-18.   The appellate court returned those documents to Partain on July 7, 2010, noting the '"certificate of judgment concluding this appeal was issued on June 9, 2010.'"   *Id*.   On July 21, 2010, the Alabama Supreme Court received documents from Partain, but returned the documents to him the same day, advising him he could not seek further relief in the Alabama Supreme Court because the Alabama Court of Criminal Appeals had already issued a certificate of judgment in his case.   Doc. 1 at 15.

## CLAIMS

Partain filed a petition for a writ of habeas corpus in this court.   In his petition, Partain contends he is entitled to the writ because:

> 1) He was denied the right to testify at trial due to the ineffectiveness of his attorney; and

---

[1]   Respondents contend they have no record of either document because Partain did not serve them with a copy of the letter or affidavit he sent to the appeals court.

2)   The practice of allowing evidence of battered spouse syndrome to be used only by females violates his right to equal protection of the law.

In response to the court's order to show cause, Respondents filed an answer alleging the petition is due to be dismissed because it is barred by procedural default.   Doc. 4.   The court advised the parties the respondents' answer would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases.   Doc. 5.   Partain has offered nothing in response.

<u>**ANALYSIS**</u>

**1.      Denial of Right to Testify Due to the Ineffectiveness of Counsel**

Partain's claim he was denied the right to testify due to the ineffectiveness of his attorney, is procedurally defaulted under *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728 (1999), and is due to be dismissed.

The threshold issue to be resolved in federal habeas cases is whether the petitioner has exhausted all available remedies.   An application for writ of habeas corpus will not be considered unless the applicant has exhausted available state court remedies.   28 U.S.C. § 2254(b); *Boerckel*, 526 U.S. at 842, 119 S. Ct. 1728; *Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985); *Walker v. Zant*, 693 F.2d 1087, 1088 (11th Cir. 1982).   Not only must the petitioner have raised the claim in the state court proceedings, he also must have pursued those claims to the Alabama Supreme Court.   In *O'Sullivan v. Boerckel*, the United States Supreme Court held because the petitioner failed to present claims for discretionary review to the highest available state court, his habeas claims were unexhausted and, when the state remedy was no longer available, the claims were procedurally defaulted.   526 U.S. 838, 119 S. Ct. 1728 (1999);

*see also McNair v. Campbell*, 416 F.2d 1291 (11th Cir. 2005), *cert. denied*, 547 U.S. 1073, 126 S. Ct. 1828 (2006); *Smith v. Jones*, 256 F.2d 1135 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136, 122 S. Ct. 1081 (2002).   In order to satisfy *Boerckel*, a petitioner must seek rehearing in the Alabama Court of Criminal Appeals and file a petition for writ of certiorari in the Alabama Supreme Court.   *See Smith v. Jones*, 256 F.3d 1135, 1140-41 (11th Cir. 2001); Ala. R. App. Pro. 39 and 40.

Although Partain raised his ineffective assistance of counsel claim in his Rule 32 petition and on appeal, he did not timely apply for rehearing with the Alabama Court of Criminal Appeals or petition the Alabama Supreme Court for a writ of certiorari.   Because it is now too late to return to state court and attempt to exhaust his ineffective assistance of counsel claim, Partain's claim is procedurally defaulted unless his failure to exhaust can be excused.

**a. Cause and Prejudice**

When a petitioner has procedurally defaulted on a constitutional claim, he is barred from litigating that claim in a federal habeas corpus proceeding unless he can show (1) '"cause and prejudice'" or (2) '"a fundamental miscarriage of justice.'"   Under the '"cause and prejudice'" excuse, a petitioner may overcome a procedural default by showing '"cause'" for the default and '"prejudice attributable thereto.'"   *Murray v. Carrier*, 477 U.S. 478, 485, 106 S. Ct. 2639 (1986). Because the '"cause and prejudice'" exception is in the conjunctive, a petitioner must prove both cause and prejudice to excuse his procedural default.   Cause requires a showing of some objective factor external to the petitioner, which prevented the petitioner from constructing or raising the claim.   *Id*. at 488, 106 S. Ct. at 2645; *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454 (1991).   '"[A] showing that the factual or legal basis for a claim was not reasonably

available to counsel or that there was 'some interference by officials' would constitute cause under this standard.'"  *Amadeo v. Zant*, 486 U.S. 214, 222, 108 S. Ct. 1771 (1988) (quoting *Murray*, 477 U.S. at 488, 106 S. Ct. at 2645).   To demonstrate prejudice, a habeas petitioner must show '"not merely that the errors at trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'"  *United States v. Frady*, 456 U.S. 152, 170, 102 S. Ct. 1584 (1982).

Partain claims his failure to present this claim in an application for rehearing was '"due in whole to his manifested illness, resulting in his physical incapacity to do so.'"  Doc. 1 at 12. He claims:

> Your petitioner can show the court that he is HIV positive; and on or about the end of April 2010, concurrent with the trial court's Order on Re-Remand, that first allowed the petitioner to submit affidavit evidence in support of his allegations with regard to his trial counsel's failure to allow of rim to testify, he was stricken with Kaposi's sarcoma.  This resultant manisfestation [sic] of his HIV immune deficiency, weakened him to the point to where he could not visit the prison law library.  In fact, the resulting treatments caused the petitioner to have to remain immobile (draining of fluid from the lungs); and the medications prescribed in this interim, disallowed the petitioner from cogent apprehension.
>
> As soon as practicable, the petitioner submitted his request for assistance to the trial court; and also to the Supreme Court, seeking any available recourse that he could, to prevent losing an opportunity to present the evidence that he had fought so long, and so dilligently [sic] to present.   The record will show that your petitioner was disallowed any opportunity to present the aforementioned evidence, when the circuit court dismissed or denied his attempts at an evidentiary hearing or appointment of counsel; through three ordered remands from the Criminal Court of Appeals, back to the trial court, to demand that they allow said to the petitioner.  Yet, finally when the time came to be able to, the illness of the petitioner caused his default.

*Id.*

The trial court dismissed Partain's Rule 32 petition on April 28, 2010.   Partain claims he was stricken with Kaposi's Sarcoma '"on or about the end of April 2010,'" and as a result, he was

'"weakened . . . to the point to where he could not visit the prison law library,'" he had to remain immobile as a result of the treatments he received, and the medication '"disallowed [him] from cogent apprehension.'"   Partain does not indicate how long he was incapacitated because of his illness.   Yet, at some point between April 28, 2010, when the trial court dismissed his petition, and May 21, 2010, the date the Alabama Court of Criminal Appeals affirmed the denial of the petition, Partain managed to file a notice of appeal with the Alabama Court of Criminal Appeals. Then, on May 25, 2010, Partain sent a letter to the trial court trying '"to explain the medical conditions and restrictions he was under due to same, in seeking their leave for a reconsideration of their Rule 32 petition dismissal.'"   Doc. 1 at 9.   Partain also sent a letter and affidavit to the Alabama Court of Criminal Appeals, resulting in a response from the Alabama Court of Criminal Appeals dated June 3, 2010, informing him they were returning his letter and affidavit because they did not contain proof of service on the opposing party.   Doc. 4-16.

Partain had until June 4, 2010, to apply for rehearing with the Alabama Court of Criminal Appeals.   Partain offers no explanation how he was able to file the notice of appeal, as well as the letters and affidavits to both the trial court and the appeals court, during the period of time after being stricken with Kaposi's Sarcoma in late April, 2010, but before the application for rehearing was due in the appeals court.   Partain was physically capable of filing a notice of appeal and the letters and affidavits to two different courts during this time period.   Therefore, he certainly could have filed an application for rehearing within that same time period. Partain's illness is insufficient to amount to cause to excuse the procedural default of this claim.

Because Partain has failed to show cause for the procedural default of this claim, there is no need to address whether he has shown prejudice.   *See McCleskey v. Zant*, 499 U.S. 467, 502

(1991).   Furthermore, he has made no argument he is actually, factually innocent.[2]   This claim

is procedurally barred from review in this court.

**2.      Practice of Allowing Evidence of Battered Spouse Syndrome to Be Used Only by Females Violates Equal Protection of the Law**

Partain's Equal Protection claim regarding the practice of allowing evidence of battered

spouse syndrome to be used only by females is procedurally defaulted.   *See Teague v. Lane*, 489

U.S. 288 (1989).   In *Teague*, the Supreme Court held when a habeas claim has never been

presented to a state court, and there no longer exists any remedial vehicle by which the state

courts may consider the claim, the claim is procedurally defaulted.   Because Partain never

presented his Equal Protection claim to the state courts, the claim cannot be exhausted and is

procedurally barred from review in this court.

**a.   Cause and Prejudice**

As cause to excuse the default of this claim, Partain states he '"failed to notice'" earlier

that Alabama courts do not recognize '"any defense for a 'man' in relation to battered spouse

syndrome.'"   Doc. 1 at 14.   Partain fails to argue some '"external impediment'" prevented him

from raising this claim in state court.   '"[N]either an inmate's lack of legal knowledge, his

failure to understand legal principles nor the inability to recognize potential claims for relief at an

earlier juncture constitute an extraordinary circumstance sufficient to [excuse a procedural bar].'"

*Harmon v. Barton*, 894 F.2d 1268 (11th Cir. 1990) (ignorance of the law fails to establish cause

for a procedural default); *Smith v. Newsome*, 876 F.2d 1461 (11th Cir. 1989); *Spencer v. Kemp*,

---

[2]    *See Smith v. Murray*, 477 U.S. 527, 537-38 (1986) (quoting, respectively, *Engle*, 456 U.S. at 135, and *Murray*, 477 U.S. at 496)(A federal habeas court, however, will consider a procedurally defaulted claim in the absence of cause, if a '"fundamental miscarriage of justice'" has '"probably resulted in the conviction of one who is actually innocent.'").

781 F.2d 1458, 1462 (11th Cir. 1986); *Barksdale v. Lane*, 957 F.2d 379, 385B386 (7th Cir. 1992)

(petitioner's *prose* status does not constitute adequate grounds for cause); *see also Wakefield v.*

*Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law is not a

factor which warrants relief from procedural bars).   Partain's failure to notice this claim earlier

is insufficient to provide cause to excuse the default of this claim.   Because he failed to show

cause for the procedural default of his claims, there is no need to address whether he has shown

prejudice.   *See McCleskey v. Zant*, 499 U.S. 467, 502 (1991).   As with his previous claim,

Partain has made no argument he is actually, factually innocent to justify this court considering

his procedurally defaulted claim in the absence of cause.   *See Smith v. Murray*, 477 U.S. 527,

537-38 (1986).   This claim is procedurally barred.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends the Respondent's motion for

summary judgment be GRANTED and the petition for a writ of habeas corpus be DISMISSED.

## NOTICE OF RIGHT TO OBJECT

Any party who objects to this report and recommendation must, within fourteen (14) days

of the date on which it is entered, file specific written objections with the clerk of this court.

Any objections to the failure of the magistrate judge to address any contention raised in the

petition also must be included.   Failure to do so will bar any later challenge or review of the

factual findings or legal conclusions of the magistrate judge.   *See* 28 U.S.C. § 636(b)(1)(C);

*Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S.

1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982)

(*en banc*).   In order to challenge the findings of the magistrate judge, a party must file with the

clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge.   The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record.   The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.   Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is DIRECTED to serve a copy of this Report and Recommendation upon counsel for the petitioner and counsel for the respondents.

DONE this 19th day of December, 2013.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE